UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| A.R., INDIVIDUALLY AND ON BEHALF OF HER | * | CIVIL ACTION |
| MINOR DAUGHTER, C.L. | * | |
| | * | |
| VERSUS | * | |
| | * | NUMBER: **16-17865** |
| JAMES POHLMANN, INDIVIDUALLY AND | * | |
| IN HIS OFFICIAL CAPACITY AS SHERIFF | * | |
| OF ST. BERNARD PARISH AND DEPUTY | * | |
| EDDIE WILLIAMS, INDIVIDUALLY, AND | * | |
| IN HIS OFFICIAL CAPACITY AS A | * | |
| ST. BERNARD PARISH DEPUTY SHERIFF | * | SECT. ____, MAG. ____ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW COMES** plaintiff, **A.R., individually and on behalf of her minor daughter, C.L.** who files this Complaint against the above-named defendants based on the sexual abuse and civil rights violations of **C.L.** by the defendants and the intentional infliction of emotional distress and/or the mental anguish and emotional distress recoverable by **A.R.** pursuant to La.C.C. Art. 2315.6.

## I. PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. §1983 and 1988.

## II. JURISDICTION

2. Jurisdiction is vested in this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4) and the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

3.   Supplemental jurisdiction is vested in this Court by 28 U.S.C. § 1367(a) for all claims cognizable under state constitutional and statutory law including but not limited to La.C.C. Arts. 2315, 2315.6 and 2315.7.

## III.   PARTIES

### (PLAINTIFF)

4.   **A.R.** is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. She is the mother of the minor **C.L.** She brings this suit individually and on behalf of her minor daughter, **C.L.**

### (DEFENDANTS)

5.   **JAMES POHLMANN** (hereinafter "SHERIFF POHLMANN"), individually and in his official capacity as Sheriff of St. Bernard Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all times described herein he was the sheriff of St. Bernard Parish and, as such, was responsible for the hiring, training, supervision, discipline and control of the deputies under his command. He was responsible for all the actions of the St. Bernard Parish Sheriff's Office (hereinafter "SBPSO"). He was also responsible for the supervision, administration, policies, practices, customs and operations of the St. Bernard Parish Sheriff's Office and its correctional facility. He was and is the final policymaker. He was at all times referred to herein, the exclusive caretaker and guardian of the minor child, **C.L.**, and had exclusive custody and control over **C.L.** during her incarceration at the St. Bernard Parish Jail (hereinafter "S.B.P.J.").

6. **EDDIE WILLIAMS** (hereinafter "DEPUTY WILLIAMS"), individually, and in his official capacity as a St. Bernard Parish Sheriff's Deputy, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all pertinent times, he was employed by SHERIFF POHLMANN as a correctional officer assigned to the S.B.P.J.

7. At all times relevant hereto the actions of defendants herein were committed under color of state law.

## IV. FACTUAL ALLEGATIONS

8. In June or July of 2015, **C.L.**, a minor female was arrested and incarcerated at the S.B.P.J. She remained in custody at the jail until January of 2016.

9. The jail is under the exclusive control of the defendant, SHERIFF POHLMANN, who is responsible for all jail policies and procedures as well as the supervision of all jail staff.

10. The defendant, SHERIFF POHLMANN, was the caretaker and guardian of the minor, **C.L.**, and he had the exclusive custody and control over all inmates housed in the jail including the minor, **C.L.**, during her incarceration from June of 2015 through January of 2016.

11. The defendant, DEPUTY WILLIAMS, at all times referenced herein was an employee of the defendant, SHERIFF POHLMANN.

12. Shortly after her incarceration began at the S.B.P.J., the minor plaintiff, **C.L.**, was subjected to sexual abuse by the defendant, DEPUTY WILLIAMS. These actions,

-3-

which would be considered the crimes of "Indecent Behavior With a Juvenile" in violation of La.R.S. 14:81, and "Molestation of a Juvenile" in violation of La.R.S. 14:81.2 included the following:

    a.    Williams' requests to see **C.L.** in her "birthday suit";

    b.    Williams' orders for **C.L.** to get naked by taking off her top and bottom;

    c.    Williams' sexually explicit and suggestive statements including orders that **C.L.** "play with herself";

    d.    Williams' orders that **C.L.** sit on the ground with her legs open while in her underwear and naked;

    e.    Williams' orders that **C.L.** stand in a specific location prior to showering so he could observe her via video naked;

    f.    Williams' orders over the jail intercom for **C.L.** to get naked while she was in her cell so he could observe her over a video camera remotely;

13.   The defendant, DEPUTY WILLIAMS' behavior became more and more sexually suggestive and explicit during **C.L.**'s. incarceration.

14.   The defendant, DEPUTY WILLIAMS told **C.L.** that he knew where **C.L.**'s mother lived and that unless she complied with his orders her mother would be hurt or killed.

15.   In order to further persuade **C.L.** to comply with his sexually abusive requests, the defendant, DEPUTY WILLIAMS, would provide **C.L.** with candy and other food items frequently rubbing her hand while providing her with the bribes.

16.   These types of actions by the defendant, DEPUTY WILLIAMS, occurred

every day that he worked the tier that **C.L.** was housed, and were observed by other unknown deputies.

17.   Upon information and belief, the defendant, SHERIFF POHLMANN, knew or should have known that the defendant, DEPUTY WILLIAMS, had a history of inappropriate sexual conduct with inmates, yet he negligently failed to take action to protect inmates in his custody and in so doing failed to prevent DEPUTY WILLIAMS' sexual misconduct directed towards **C.L.**

18.   Alternatively, the defendant, SHERIFF POHLMANN, as **C.L.**'s, legal guardian and caretaker failed to properly supervise the minor plaintiff and prevent her abuse.

19.   The defendant, SHERIFF POHLMANN, was directly responsible for **C.L.**'s safety as she had been legally removed from the custody of her mother. He had an obligation to provide adequate shelter and care in a custodial setting so as to avoid her "abuse".

20.   Both defendants' conduct constitutes abuse of a minor pursuant to La. C. C. Art. 3496.1 as well as "abuse" as defined by La.R.S. 9§2800.9 and the Louisiana Children's Code, Art. 603(2), in that the aforedescribed conduct of said defendants seriously endangered the physical, mental or emotional health and safety of **C.L.** as a result of the infliction of physical or mental injury or abuse, or as a result of inadequate supervision**.**

21.   The abuse described in paragraph 12, occurred as a result of inadequate

supervision by the defendant caretaker, SHERIFF POHLMANN.

22.   The defendants permanently damaged the physical, mental and emotional health of the minor, **C.L.**, (La. Children's Code, Art.603).

23.   The defendant SHERIFF POHLMANN's inadequate supervision of the minor, **C.L.**, resulted in the infliction of permanent mental and emotional injury upon **C.L.** by the defendant, DEPUTY WILLIAMS, and intentional infliction of emotional distress and/or severe, debilitating and foreseeable mental anguish or emotional distress on her mother, **A.R.**, as would reasonably be expected.

24.   The defendant DEPUTY WILLIAMS' conduct as previously described, resulted in the infliction of permanent mental and emotional injury upon **C.L.** and intentional infliction of emotional distress and/or severe, debilitating and foreseeable mental anguish or emotional distress on her mother, **A.R.**, as would reasonably be expected.

25.   In addition to the sexual abuse and intentional infliction of emotional distress, the defendants violated **C.L.'s** Fourteenth Amendment Right to due process, specifically her protected liberty interest to be free of sexual abuse; her Fourth Amendment Right to be free from illegal search and seizure, which repeatedly occurred in this case when the defendant, DEPUTY WILLIAMS ordered **C.L.** to strip naked in her cell and/or prior to showering; and her Eighth Amendment Right as a prisoner to be free of unnecessary and wanton infliction of pain, ie. "cruel and unusual punishment".

26.   At all times relevant the defendant, SHERIFF POHLMANN, was aware of, or

should have known, that the defendant, DEPUTY WILLIAMS, was or had been sexually abusive to inmates, yet SHERIFF POHLMANN failed, with deliberate indifference, to terminate DEPUTY WILLIAMS' employment.

27.   At all times relevant, the defendant, SHERIFF POHLMANN, was deliberately indifferent to his role as caretaker and guardian of the minor **C.L.** This deliberate indifference to the mental and emotional well-being of a minor inmate under his care and custody resulted in **C.L.** being exposed to sexual abuse by the defendant, DEPUTY WILLIAMS as previously described.

28.   The aforedescribed deliberate indifference of SHERIFF POHLMANN resulted in the civil rights violations and sexual abuse of **C.L.** by DEPUTY WILLIAMS and her permanent mental and emotional injuries.

29.   As a result of the intentional infliction of emotional abuse, sexual abuse and civil rights violations, **C.L.** has sustained past, present and future pain and suffering, mental anguish, permanent disability and medical expenses for which both defendants are liable jointly, severally and insolido.

30.   As a result of both defendants' intentional infliction of emotional distress upon **A.R.** and/or the severe, debilitating and foreseeable mental anguish or emotional distress of **A.R.** as would be reasonably expected, **A.R.** has sustained past, present and future pain and suffering, mental anguish, permanent disability and medical expenses for which both defendants are liable jointly, severally and insolido.

## V. FIRST CAUSE OF ACTION (*CIVIL RIGHTS VIOLATIONS BY BOTH DEFENDANTS*)

31.   The plaintiff repeats and re-alleges each and every allegation of this Complaint.

32.   The defendants, acting individually and together, under color of law, engaged in a course of conduct that acted to deprive **C.L.** of her Fourteenth Amendment right to due process, specifically her protected liberty interest to be free of sexual abuse; her Fourth Amendment right to be free from illegal search and seizure, and her Eighth Amendment right to be free of cruel and unusual punishment all as provided for by the United States Constitution and 42 U.S.C. §1983.

33.   At all times pertinent hereto the defendants acting individually and collectively, unreasonably, recklessly, and with deliberate indifference and disregard for the aforedescribed constitutional civil rights and personal needs of **C.L.**

34.   The defendants' actions were reckless, willful, wanton and/or malicious.

35.   The plaintiff further alleges that such acts as alleged herein were the proximate cause and cause in fact of **C.L.'s** damages and injuries.

## VI. SECOND CAUSE OF ACTION (*MONELL CLAIM*)

36.   The plaintiff repeats and realleges each and every allegation of this complaint.

37.   The defendant, POHLMANN, established, condoned, ratified and encouraged customs, policies, patterns and practices that directly and proximately caused the deprivation of the civil and constitutional rights of **C.L.**, and the damages and injuries described herein. He did so with deliberate indifference to the right of **C.L.**

-8-

38.   These written and unwritten policies, customs, patterns and practices included:

1)   Permitting unsupervised male deputies to monitor and supervise juvenile female inmates such as **C.L.**, knowing these deputies would conduct strip searches of the juvenile females via video prior to showering or while they were alone in their cell;

2)   Failing to adequately staff his jail with sufficient female deputies to guard, monitor and supervise juvenile female inmates;

3)   Failing to properly supervise and monitor male deputies guarding and supervising juvenile female detainees;

4)   Failing to properly screen, during the hiring process, and supervise thereafter, male deputies to eliminate the sexual abuse of juvenile female inmates at the S.B.P.J.;

5)   Inadequately training, supervising and disciplining of the guards at the S.B.P.J. responsible for monitoring and guarding juvenile female inmates;

6)   Inadequately training, deputies to report or recognize other deputies' activities involving sexual abuse of juvenile female inmates at the S.B.P.J.;

7)   Failing to have in place a policy or procedure to prevent deputies from sexually assaulting juvenile female inmates at the S.B.P.J.; and

8)   Retaining defendant, DEPUTY WILLIAMS, when he knew, or should of known, of his history and propensity to abuse juvenile female inmates.

39.   At all times pertinent hereto the defendant acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of **C.L.** The action of the defendant was malicious, willful, wanton and reckless.

40.   Plaintiff further alleges that such acts as alleged herein were the proximate

cause of injury and damages to **C.L.**

## VII. <u>THIRD CAUSE OF ACTION</u> *(SUPPLEMENTAL STATE LAW CLAIMS)*

41.    The plaintiff repeats and realleges each and every allegation of this Complaint.

42.    The supplemental jurisdiction of the court is invoked for all claims under State law.

43.    At all times described herein, the defendants, individually and collectively, acted negligently and/or intentionally, in denying reasonable supervision and care to **C.L.**, as described in paragraph 38, and in so doing failed to properly monitor **C.L.** and the defendant, DEPUTY WILLIAMS, resulting in the intentional infliction of emotional harm and distress to **C.L.**, and her abuse and sexual abuse by DEPUTY WILLIAMS, all of which injuries are severe, debilitating and foreseeable in violation of Louisiana Constitutional and Statutory Law. (La.C.C. Arts. 2315.6 and 2315.7).

44.    At all times described herein, the defendants, individually and collectively, acted negligently and/or intentionally in abusing and/or sexually abusing **C.L.**, and in so doing, intentionally inflicted emotional harm and distress on **A.R.** and/or inflicted as a result of inadequate supervision severe, debilitating and foreseeable mental injury on **A.R.** as a result of the abuse and sexual abuse of her daughter while incarcerated at S.B.P.J. (La.C.C. Arts. 2315.6 and 2315.7).

45.    At all pertinent times herein the defendant, DEPUTY WILLIAMS, was an employee of the defendant, SHERIFF POHLMANN, and was acting in the course and

scope of his employment with the defendant, SHERIFF POHLMANN.

46.  The defendant, SHERIFF POHLMANN, is vicariously liable for the injuries and damages which occurred herein as a result of the actions of the defendant, DEPUTY WILLIAMS.

47.  The defendant, SHERIFF POHLMANN, is independently liable to the plaintiffs in this case for his failure to properly supervise and screen his employees as previously outlined in the preceding paragraphs.

48.  The defendants are liable individually and jointly for their actions as alleged herein.

49.  Plaintiffs further allege that the above described actions were the proximate cause and cause and fact of their injuries.

## VIII.  <u>DAMAGES</u>

50.  As a result of the actions of the defendants as described above, damages have been incurred as follows for violations of the U.S. Constitution and state law:

1.  **C.L.** sustained severe, debilitating, permanent and foreseeable mental injury resulting in past, present and future pain and suffering, anguish and distress, embarrassment, humiliation and medical expenses for which she is entitled to general, special, exemplary and punitive damages.

2.  **A.R.** was subjected to intentional infliction of emotional distress as a result of the sexual abuse and mental injury of her daughter, **C.L.**, at the hands of the defendant, DEPUTY WILLIAMS, and also sustained severe, debilitating, permanent and foreseeable mental anguish and emotional distress as a result of defendant, SHERIFF POHLMANN's inadequate supervision of **C.L.**, for which she is entitled to damages for her own past, present and future pain and

suffering, anguish and distress, embarrassment and humiliation and medical expenses, for which she is entitled to general, special, and exemplary damages.

51. The plaintiff seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these proceedings.

**WHEREFORE**, the plaintiff, **A.R. individually and on behalf of her minor daughter, C.L.**, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in her favor and against the defendants, **JAMES POHLMANN, individually and in his official capacity as Sheriff of St. Bernard Parish and DEPUTY EDDIE WILLIAMS, individually and in his official capacity as a St. Bernard Parish Deputy Sheriff**, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available.

Respectfully submitted;

GARY W. BIZAL (La. Bar No. 1255)
GARY W. BIZAL, L.L.C.
639 Loyola Avenue, Suite 1820
New Orleans, Louisiana 70113
(504)525-1328 Telephone
(504)525-1353 Fax
piblaw@bellsouth.net
ATTORNEY FOR PLAINTIFF

**PLEASE SERVE:**

Sheriff James Pohlmann
St. Bernard Parish Sheriff's Office
Courthouse Annex
#2 Courthouse Square
Chalmette, LA  70043

Deputy Eddie Williams
St. Bernard Parish Sheriff's Office
Courthouse Annex
#2 Courthouse Square
Chalmette, LA  70043