UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| A.R., | CIVIL ACTION |
| Plaintiff | |
| | |
| VERSUS | NO. 16-17865 |
| | |
| JAMES POHLMANN, ET AL., | SECTION "E" ( 2) |
| Defendants | |

# ORDER

Before the Court is a Motion in Limine, filed by Defendants James Pohlmann and Eddie Williams, to exclude (1) evidence of complaints and disciplinary action involving Williams and (2) evidence of a polygraph test administered to Williams.[1] Plaintiff A.R. opposes.[2] The Court notes that, because this case is scheduled for a bench trial, the need for pre-trial rulings on admissibility of evidence is significantly reduced.[3]

## I. Evidence of Complaints against Williams

### A. 2008 Complaint by D.D.

In July 2008, D.D., a fifteen-year-old female juvenile detainee, filed a complaint against Williams for allegedly making inappropriate remarks to her.[4] Defendants argue evidence of this complaint is not relevant under Rule 401 of the Federal Rules of Evidence, that its probative value is substantially outweighed by the danger of unfair prejudice to Williams under Rule 403, and that it further is inadmissible character evidence under Rule 404(b). Plaintiff argues the evidence is admissible as evidence of a prior sexual assault under Rule 415, as evidence of a plan or design to groom Plaintiff's daughter C.L.

---

[1] R. Doc. 71.
[2] R. Doc. 74.
[3] *See United States v. Cardenas*, 9 F.3d 1139, 1154 (5th Cir. 1993); *Government of the Canal Zone v. Jimenez G.*, 580 F.2d 897, 897 (5th Cir. 1978).
[4] R. Doc. 71-1 at 2.

1

under Rule 404(b)(2), and as evidence relevant to the alleged inadequate supervision of Defendant Sheriff Pohlmann, in his official capacity.[5]

Under Rule 415, "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation."[6] "[T]he legislative history of Rules 413–15 indicates that Congress intended to allow admission not only of prior convictions for sexual offenses, but also of uncharged conduct."[7] A trial court may admit evidence under Rule 415 "so long as it is satisfied that the evidence is relevant, with relevancy determined by whether a jury could reasonably conclude by a preponderance of the evidence that the past act was a sexual assault and that it was committed by the defendant."[8] The proffering party does not need to show these prerequisites by a preponderance of the evidence.[9]

For purposes of Rule 415, Rule 413 defines sexual assault, and Rule 414 defines child molestation.[10] Plaintiff argues only that Williams alleged abuse of D.D. and C.L. constitutes sexual assault.[11] She does not argue it constitutes child molestation under Rule 415. As the result, the Court considers only whether, under Rule 415, the alleged conduct is sexual assault as defined in Rule 413.

Rule 413(d) defines sexual assault as

a crime under federal law or under state law . . . involving
(1)     any conduct prohibited by 18 U.S.C. chapter 109A;

---

[5] R. Doc. 74 at 1–7.
[6] FED. R. EVID. 415(a).
[7] *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 151–52 (3d Cir. 2002) (citing 140 Cong. Rec. 23,603 (1994) (Statement of Rep. Molinari) ("The practical effect of the new rules is to put evidence of *uncharged offenses* in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule.")); *cf. United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006) (finding identical language in "Rule 413 allows the admission of other sexual assaults including those that are the subject of uncharged conduct.").
[8] *Johnson*, 283 F.3d at 144; *cf. Guidry*, 456 F.3d at 503 n.5.
[9] *Id.*
[10] FED. R. EVID. 413(d), 414(d).
[11] R. Doc. 74 at 3–5.

(2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus;
(3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
(4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
(5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).[12]

Plaintiff argues Williams' alleged abuse of D.D. is a federal crime prohibited by 18 U.S.C. chapter 109A, specifically by 18 U.S.C. §§ 2242 and 2243.[13] As a result, she argues the alleged abuse constitutes sexual assault under Rule 413(d)(1).

18 U.S.C. §§ 2242 and 2243, included in Chapter 109A, make it a crime for anyone in a federal prison or a facility in which federal prisoners are held to knowingly engage in or attempt to engage in a sexual act when the act is done under threat, with a minor, or with a ward.[14] The definition of a "sexual act" for purposes of these crimes requires physical sexual contact.[15] Criminal attempt "require[s] proof of two elements: first, that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt." [16]

Williams' alleged abuse of D.D. and C.L. does not involve an allegation of physical sexual contact or attempted physical sexual contact. As a result, the conduct is not prohibited by 18 U.S.C. chapter 109A, and does not fall within Rule 413(d)'s definition of

---

[12] FED. R. EVID. 413(d).
[13] R. Doc. 74 at 3.
[14] 18 U.S.C. §§ 2242, 2243.
[15] *See* 18 U.S.C.A. § 2246(a)(2).
[16] *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001) (citing *United States v. Contreras*, 950 F.2d 232, 237 (5th Cir.1991); *United States v. Oviedo,* 525 F.2d 881, 885–86 (5th Cir.1976); *United States v. Mandujano,* 499 F.2d 370, 376 (5th Cir.1974)).

sexual assault.[17] The Court finds that, for purposes of Rule 415, D.D.'s complaint did not constitute an allegation of sexual assault, and the instant case does not qualify as a civil case involving a claim for relief based on a party's alleged sexual assault. Evidence of D.D.'s complaint is not admissible under Rule 415.

Plaintiff also argues the evidence of D.D.'s complaint is admissible as evidence of Williams' plan or motive under Rule 404(b)(2). Under Rule 404(b),

> (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[18]

The Fifth Circuit has held that to qualify as evidence of plan or motive, "the conduct tendered must be sufficiently similar to the act under inquiry to minimize any doubt that the two are products of the same mind. The more idiosyncratic the less doubt, and, concomitantly, the greater the probative value."[19] In the context of sexual harassment in employment discrimination lawsuits, courts have admitted evidence of past harassment to show the alleged harasser's motive or intent.[20] Williams' alleged conduct toward D.D. and his alleged conduct toward C.L. are sufficiently similar. Evidence of D.D.'s complaint is probative with respect to Williams' plan or motive. As a result, the Court will permit the

---

[17] Plaintiff also argues that, under Louisiana criminal law, Williams' alleged abuse of D.D. is within the definition of indecent behavior with a juvenile, LA. REV. STAT. 14:81, and molestation of a juvenile, LA. REV. STAT. 14:81.2. R. Doc. 74 at 3. Rule 413(d)(1) defines sexual as a crime under state or federal law involving conduct prohibited by 18 U.S.C. chapter 109A. FED. R. EVID. 413(d)(1). Even if Williams' alleged abuse of D.D. violated a state law, it does not qualify as sexual assault under Rule 413(d)(1) because it did not involve physical sexual contact.
[18] FED. R. EVID. 404(b).
[19] *Lamar v. Steele*, 693 F.2d 559, 561 (5th Cir. 1982).
[20] *See, e.g.*, *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (finding evidence of sexual harassment relevant to show the defendant's "general attitude of disrespect toward his female employees, and his sexual objectification of them[, which] is relevant to the question of [his] motive for discharging [the plaintiff]); *Webb v. Hyman*, 861 F. Supp. 1094, 1112 (D.D.C. 1994), *as amended* (Nov. 5, 1994) (finding, in a sexual harassment suit, "the difficulties in proving discriminatory intent significantly heightens the probative value of statements revealing the employer's attitude toward the employee").

introduction of evidence about D.D.'s complaint for the limited purpose of showing Williams' plan or motive.

Plaintiff further argues evidence of D.D.'s complaint is relevant to her inadequate supervision claim against Pohlmann, in his official capacity as Sheriff of St. Bernard Parish. Courts have admitted evidence of past harassment to show the harasser's motive or intent and the employer's notice of the harassment.[21] Similarly, evidence of Williams' alleged conduct toward D.D. is relevant to show whether the St. Bernard Parish Sheriff's Office was on notice of complaints against Williams. This bears directly on Plaintiff's inadequate supervision claim against Sheriff Pohlmann, in his official capacity. As a result, the Court also will permit the introduction of evidence about D.D.'s complaint for the limited purpose of showing whether Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, was on notice of complaints against Williams.

Defendants note evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury."[22] This case will not be tried before a jury.[23] The Fifth Circuit has stated that "Rule 403's weighing of probative value against prejudice . . . has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure."[24] As

---

[21] *See, e.g.*, *Hernandez Loring v. Universidad Metropolitana*, 190 F. Supp. 2d 268, 272 (D.P.R. 2002) (finding evidence of past harassment relevant to show "there was a general atmosphere of sexual hostility at the workplace, and that [the defendant employer] knew or should have known about it."); *Webb*, 861 F. Supp. at 1112 (affirming a limiting instruction that evidence of prior harassment is offered only to show . . . that the [employer] *may* have had prior notice of sexual harassment.")).
[22] R. Doc. 71-1 at 2.
[23] R. Doc. 72 at 1.
[24] *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

a result, the Court does not address whether evidence of D.D.'s complaint creates a risk of unfair prejudice, confusion of the issues or misleading the factfinder.

Defendants also argue the alleged 2008 incident is too remote in time from C.L.'s 2015 allegations for evidence of the alleged 2008 incident to be admitted in this case.[25] Plaintiff argues the other acts are not too remote in time.[26] "Although remoteness of the extrinsic acts evidence may weaken its probative value, the age of the prior [bad acts] does not bar its use under Rule 404."[27] The Court also notes the Fifth Circuit addresses the issue of whether prior bad acts were remote in time in order to determine whether their probative value is substantially outweighed by the risk of undue prejudice.[28] Because this case will not be tried before a jury, the Court needs not address this issue.

B. 2009 Complaint

Defendants move to exclude evidence of a 2009 complaint by a ranking officer against Williams for allowing an unauthorized inmate contact visit and allowing food to be brought into the Juvenile Detention Center.[29] Plaintiff offers no opposition.[30] As a result, the Court grants as unopposed Defendants' motion with respect to the 2009 complaint against Williams.

C. 2015 Complaint by D.F.

Defendants move to exclude evidence of allegations that Williams physically abused D.F., a male juvenile detainee.[31] Defendants argue Plaintiff seeks to use the evidence as impermissible character evidence under Rule 404(b).[32] Plaintiff argues the

---

[25] R. Doc. 71-1 at 3.
[26] R. Doc. 74 at 5.
[27] *United States v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009) (citations omitted).
[28] *See, e.g.*, *id.*; *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996) (rejecting the defendant's argument that "he suffered unfair prejudice because his prior conviction was more than ten years old.").
[29] R. Doc. 71-1 at 3.
[30] R. Doc. 74.
[31] R. Doc. 71-1 at 3–4.
[32] *Id.* at 4.

6

evidence is being offered to establish the factual background about C.L.'s allegations of sexual abuse.[33]

D.L., another male juvenile detainee, first reported to his own counselor Williams' alleged physical abuse of D.F..[34] When the counselor asked D.L. if he was aware of any other issues involving Williams, D.L. told her about Williams' alleged sexual abuse of C.L.[35] Plaintiff notes the Internal Affairs investigator who investigated both cases combined information about Williams' alleged physical abuse of D.F. and Williams' alleged sexual abuse of C.L. in his final report.[36]

The Court finds that information about the initial reporting and investigation of C.L.'s allegations of sexual abuse is critical to making credibility determinations and highly relevant to the issues presented in this case. As a result, the Court denies Defendants' motion in limine with respect to allegations that Williams physically abused D.F. Plaintiff will be permitted to use evidence concerning the complaint for the limited purpose of establishing how C.L.'s allegations of sexual abuse were first reported and investigated.

## II. Evidence of Polygraph Test

Defendants seek to exclude evidence regarding the polygraph test administered to Eddie Williams by Major Krieger, arguing only that Plaintiff has failed to establish a proper foundation for the introduction of the evidence and that the probative value of the evidence is outweighed by the risk of undue prejudice.[37] Defendants rely on rulings excluding polygraph test results before a civil *jury* trial and in a *criminal* case.[38]

---

[33] R. Doc. 74 at 8.
[34] *Id.* at 7–8.
[35] *Id.*
[36] *Id.* at 7.
[37] R. Doc. 71-1 at 4–6.
[38] *Id.* at 4–5 (citing *Randle v. Tregre*, 147 F.Supp.3d 581 (E.D.La. 2015); *United States v. Portis*, No. CR 16-134, 2018 WL 447479, at *1 (E.D. La. Jan. 17, 2018)).

The Fifth Circuit "has denounced the per se rule that polygraph examinations are inadmissible."[39] As a result, "the standards announced in *Daubert* control the admissibility of such results."[40] The court, rather than the jury, is the trier of fact in this civil case, rather than a jury.[41] "Most of the safeguards provided for in *Daubert* are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury."[42] Because "Rule 403's weighing of probative value against prejudice . . . has no logical application to bench trials,"[43] the Court does not address whether the probative value of this evidence is outweighed by the risk of prejudice.

Nevertheless, the Court must satisfy itself that the evidence meets the *Daubert* standard before it is admitted. Provided Plaintiff establishes at trial the scientific validity of Major Krieger's method, and his training and experience administering and interpreting the results of the exam, the Court will allow Major Krieger to testify regarding the administration and results of Williams' polygraph exam.

Accordingly;

**IT IS ORDERED** that the Motion in Limine, filed by Defendants James Pohlmann and Eddie Williams be and hereby is **GRANTED IN PART** and **DENIED IN PART** as follows:[44]

(1) Plaintiff will be permitted to introduce evidence of the 2008 complaint by D.D. against Williams for the limited purposes of showing Williams' motive and

---

[39] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (citing *United States v. Posado,* 57 F.3d 428, 434 (5th Cir.1995)); *see also United States v. Brown,* 415 F.3d 1257, 1269 (11th Cir.2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *Deal v. Hamilton County Bd. of Educ.,* 392 F.3d 840, 852 (6th Cir.2004) (holding gatekeeper doctrine "largely irrelevant in the context of a bench trial").
[40] *Id.*
[41] R. Doc. 72 at 1.
[42] *Id.*
[43] *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).
[44] R. Doc. 71.

8

intent and of showing whether Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, was on notice of complaints against Williams.

(2) Plaintiff will not be permitted to introduce evidence of the 2009 complaint by a ranking officer against Williams.

(3) Plaintiff will be permitted to introduce evidence of allegations that Williams physically abused D.F. for the limited purpose of establishing how C.L.'s allegations of sexual abuse were first reported and investigated.

(4) Plaintiff will be permitted to introduce evidence of the polygraph test conducted on Williams, provided she establishes at trial the scientific validity of Major Krieger's method, and his training and experience administering and interpreting the results of the exam.

**New Orleans, Louisiana, this 6th day of February, 2019.**

                                        **SUSIE MORGAN**
                           **UNITED STATES DISTRICT JUDGE**